UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO: 96-1813 CIV-HIGHSMITH

MAGISTRATE JUDGE TURNOFF

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

CHARLES DANIEL
    Defendant,
_____/

COMPLAINT

FILED JUN 27 1996

    COMES NOW, the Plaintiff, United States of America, by its undersigned counsel, and says as follows:

    1. This Court has jurisdiction pursuant to 28 U.S.C. 1345, in that this is an action brought by the United States of America.

    2. Upon information and belief, the defendant resides in the Southern District of Florida - within the jurisdiction of this Court.

    3. Defendant owes to the plaintiff the sum of $2,575.52 in accordance with and as evidenced by the supporting documentation, a copy of which is attached hereto, together with costs, attorney's fees, and interest.

    4. All conditions precedent to the commencement of this action have been performed by the plaintiff.

    WHEREFORE, plaintiff demands judgment against the defendant for the sum of $2,575.52, plus interest, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVID E. NEWMAN, P.A.

By: DAVID E. NEWMAN, P.A.
Florida Bar No. 900140
Attorney for Plaintiff
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
(305) 665-9633

## CERTIFICATE OF INDEBTEDNESS

### HUD CLAIM NUMBER 76-470121-2

I certify that the records of the Department of Housing and Urban Development show that Charles Daniel whose address is 8428 Sheraton Drive, Miramar, FL 33025 and Linda Alexander whose address is 2208 Light Street, Bronx, NY 10466 are indebted to the United States of America in the sum of $3,171.48 as of February 28, 1995.

The debtor(s) executed a Note, dated January 26, 1976, with State Savings and Loan Association in the amount of $7,000.00 plus $3,379.04 interest, repayable in installments, the first such installment to be due on February 15, 1976. The loan was insured by the Department of Housing and Urban Development pursuant to the provisions of Title I Section 2 of the National Housing Act of 1934, as amended, and the Code of Federal Regulations, Title 24, Part 201, Subpart B.

The debtor(s) defaulted on the payments due under the Note on January 15, 1980, which resulted in the lender filing a claim pursuant to the provisions of 24 C.F.R. 201.54 to recover under the insurance issued by the Department of Housing and Urban Development.

For the consideration of the payment made on April 20, 1983, in the sum $3,749.27, the seller assignee/holder assigned all rights, title and interest in the Note to the United States of America.

After due demand, debtor(s) still owe(s) the United States the principal sum of $2,575.52 plus $595.96 as interest accrued as of February 28, 1995, plus additional interest accruing at the rate of 7% from March 1, 1995, until paid.

In accordance with the provisions of 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

April 6, 1995
Date

LESTER J. WEST, DIRECTOR
DEBT MANAGEMENT STAFF
Department of Housing and
Urban Development

State of New York
City of Albany

Sworn to and subscribed before me this 6th day of April, 1995.

Notary Public

HANS F. CHRISTENSEN
Notary Public, State of New York
No. 4637
Qualified in Kings County
Commission Expires July 31, 1995

# NOTE

Loan No. 31044

$ 10,379.04                4003 Hill Avenue, Bronx, N.Y.                    1/26/ 1976
(TOTAL OF NOTE)                    (CITY)              (STATE)              (DATE)

Amount Financed .................................... $ 7,000.00
FINANCE CHARGE ..................................... 3,379.04
Total of Payments .................................. $ 10,379.04
ANNUAL PERCENTAGE RATE .............................. 12 %

The UNDERSIGNED jointly and severally promise to pay to the order of ~~XXXXXXXXXXXXXXXXXXXXX~~ State Savings and LOAN ASSOCIATION of Jackson Heights at its office at 83-20 Roosevelt Avenue, Jackson Heights, New York

Ten Thousand Three Hundred Seventy Nine and 04/100------------------------------DOLLARS
                              (TOTAL AMOUNT OF NOTE)

in 84 equal and consecutive monthly installments of $ 123.56 each, the first payable 2/15/76

after date hereof with interest from maturity at the highest lawful rate. The finance charge will commence on the date that the check to the undersigned is forwarded to them.

Whenever any installment hereunder, the maturity of which has not been previously accelerated, is in default for a period in excess of ten days, the undersigned promise to pay to the holder hereof a late charge of $.05 per dollar of such installment, but not to exceed Five Dollars in respect of any one such installment, provided always that such charge shall be in an amount not in excess of the maximum permitted by law.

Should any of the undersigned or any guarantor, endorser or surety, fail in whole or in part to pay any sum payable hereunder when due, or become insolvent, or fail in business, or be dissolved, or die, or make a general assignment for the benefit of creditors, or should any proceedings under any provision of the Bankruptcy Act be commenced by or against any of them, or if a receiver be appointed of, or for the property of, any of them, or if a writ or order of attachment or garnishment be issued or made against any of the property of any of them, or if any proceeding under Article 52, N.Y. State Civil Practice Law & Rules, as amended be commenced against any of them, or should the undersigned sell, convey or encumber the property which was or is to be improved by the proceeds of this loan, the holder hereof may, at its option, accelerate the maturity of the remaining installments, in which event the unpaid balance of the note shall become immediately due and payable without demand or notice.

The undersigned promise to pay to the holder hereof the actual costs and expenses of any legal proceedings to collect any amount due on this note plus an attorney's fee of 20% of the amount then due under this note, provided such attorney is not a salaried employee of the holder, if such attorney's fee is permitted by law.

The undersigned agree that additional makers, endorsers, guarantors or sureties may become parties hereto either with or without notice to any party without affecting the liability of the undersigned or any other party hereunder.

No extension of time for payment of all or any part of the amount owing hereon at any time or times shall affect the liability of any of the undersigned, or any surety, guarantor, or endorser hereof. The undersigned and all sureties, guarantors and endorsers hereby severally waive demand and presentment for payment, notice of non-payment, notice of protest, and protest of this note. No rights or remedies of the holder shall be deemed waived unless in a writing signed by the holder.

The undersigned reserve the right to pay in advance or repay the unpaid principal balance of this loan and obtain a refund of the FINANCE CHARGE based on the Rule of 78's (if less than $1.00, no refund shall be claimed). In any event the earned FINANCE CHARGE shall be at least $10.00.

Acceptance of payments of arrears shall not waive or affect any prior acceleration of this note.

Charles Daniel ............................................ Charles N. [signature] ........ (L.S.)
                                                            SIGNATURE OF BORROWER
Linda Alexander ................. (L.S.)    Linda Alexander ................................ (L.S.)

................................... (L.S.)    ................................................. (L.S.)

# CIVIL COVER SHEET

**96-1804**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
United States of America

**FILED by M**
**JUN 27 1996**
CLERK U.S. DIST.
S.D. OF FLA.

## DEFENDANTS
**CIV-HIGHSMITH**
**MAGISTRATE JUDGE TURNOFF**

Charles Daniel

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ST. JOHNS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

B-Dade 1:96CV01804/WMH/WCT

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
DAVID E. NEWMAN, P.A.   (305)665-9633
1533 Sunset Drive, #225
Coral Gables, FL 33143

**ATTORNEYS (IF KNOWN):**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** None of the below
(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. CFR 682.100(4)(d)

IVa.   1 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / B ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | B ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS |
| B ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | B ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions *A or B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights *A or B | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 6/24/96

SIGNATURE OF ATTORNEY OF RECORD: Amy J. Winarsky (F.B.N. 900140) /s/ Amy Winarsky

FOR OFFICE USE ONLY: Receipt No. _____ Amount _____

UNITED STATES DISTRICT COURT
S/F I-2



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-1469-CIV-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

CHARLES DANIEL,

    Defendant(s).
_____/

ORDER DISMISSING CAUSE

FILED by _____ D.C.

MAR - 4 1996

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

    **THIS CAUSE** came before the Court upon the Court's Order on Default Procedure (DE 4) and subsequent Order granting until January 2, 1996 to effectuate service (DE 9).

    As of the date of this Order, Plaintiff has failed to effectuate service in accordance with the Court's above-mentioned orders. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that this Cause be, and the same is hereby DISMISSED without prejudice pursuant Fed. R. Civ. P. 41(b).

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of March, 1996.

                                  DONALD L. GRAHAM
                                  UNITED STATES DISTRICT JUDGE

cc: Counsel of Record